**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE,            )
                             )
    v.                      )         ID Nos.    2001008545
                             )                       2209007500
DERRICK WILSON,               )
                             )
    Defendant.              )

## <u>ORDER</u>

On this 21st day of August, 2024, upon consideration of Derrick Wilson's ("Defendant") *pro se* Motion for Sentence Modification (the "Motion") made pursuant to Superior Court Rule of Criminal Procedure 35(b),[1] the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

1. On June 27, 2022, Defendant pled guilty to Tier II Drug Dealing (Class C Violent Felony) and Possession of Drug Paraphernalia (Class B Misdemeanor).[2] On September 23, 2022, the Court sentenced him to (1) Tier II Drug Dealing, fifteen years of Level V supervision, suspended for one year of Level IV supervision (Work Release), followed by eighteen months of Level III supervision, and (2) Possession of Drug Paraphernalia, six months of Level V supervision, suspended for one year of Level III supervision.[3]

---

[1] D.I.s 2001008545-27, 2209007500-11. Defendant does not specifically cite to Rule 35(b) in the Motion, but he asks this Court to modify the terms of his sentence.
[2] D.I. 2001008545-21.
[3] D.I. 2001008545-23.

2.  On February 9, 2023, Defendant pled guilty to Tier III Drug Dealing (Class B Felony).[4]  On the same day, the Court sentenced him for this offense to twenty-five years of Level V supervision, suspended after two years for six months of Level IV supervision (DOC Discretion), followed by eighteen months of Level III supervision.

3.  On March 21, 2024, the Court received a first motion for sentence modification from Defendant, in which he requested that the Court remove the period of Level IV supervision from his Tier III Drug Dealing sentence.[5]

4.  On May 6, 2024, Defendant filed the instant Motion, in which he asks the Court to modify his sentence to: (1) Tier II Drug Dealing and Possession of Drug Paraphernalia, fifteen years of Level V supervision, suspended for one year of Level IV supervision (Home Confinement or GPS), and (2) Tier III Drug Dealing, twenty-five years of Level V supervision, suspended after two years.[6]  In support, Defendant asserts that he (1) participated in the Road to Recovery rehabilitation program; (2) will receive community support from his fiancée, parents, and church upon release; (3) has employment available upon release; and (4) wishes to return to his children.[7]

---

[4] D.I. 2209007500-7.
[5] D.I. 2209007500-10.
[6] D.I.s 2001008545-27, 2209007500-11.
[7] *Id.*

2

5. On June 14, 2024, the Court denied Defendant's first motion for sentence modification because Defendant failed to show just cause to modify his sentence.

6. Rule 35(b) authorizes this Court to "reduce the fine or term or conditions of partial confinement or probation, at any time." A motion to modify the terms of partial confinement or probation is not subject to the ninety-day limitation that applies to a motion for sentence reduction.[8] But the Court does not consider repetitive motions for sentence modification.[9] The instant Motion is Defendant's second motion to modify his Tier III Drug Dealing sentence, so it is procedurally barred as repetitive. Further, the Motion fails to show any just cause to modify Defendant's sentence for Tier II Drug Dealing or Tier III Drug Dealing.[10] A Rule 35(b) motion "is not the proper vehicle for seeking modification based on rehabilitation."[11] And the resources that may be available to Defendant upon release do not lend support for the modification he requests.

---

[8] *State v. Harmon*, 2023 WL 7599111, at *1 (Del. Super. Nov. 14, 2023) (quoting *State v. Bailey*, 2017 WL 8787504, at *1 (Del. Super. Oct. 3, 2017)).

[9] *Gladden v. State*, 2020 WL 773290, at *2 (Del. Feb. 17, 2020) (affirming denial of second motion for sentence modification for repetitiveness).

[10] A defendant who has filed a motion for sentence modification bears the burden to show just cause to modify his sentence. *State v. Garvin*, 2022 WL 3081440, at *2 (Del. Super. Aug. 3, 2022) (quoting *State v. Joseph*, 2018 WL 1895697, at *1 (Del. Super. Apr. 11, 2018)) ("The burden is upon the movant to establish cause to modify a lawfully imposed sentence.").

[11] *State v. Culp*, 152 A.3d 141, 146 (Del. 2016). Instead, on a defendant's behalf, the DOC may file an application for sentence modification with the Board of Parole pursuant to 11 *Del. C.* § 4217 for good cause, which includes rehabilitation of the defendant. *Id.*

7.  The terms of Defendant's sentence are appropriate for all the reasons stated at the time of sentencing.  No additional information has been presented that would warrant a modification of his sentence.  Hence, his Motion is **DENIED.**

**IT IS SO ORDERED.**

_____
Sheldon K. Rennie, Judge